## FARISH VS. JONES.

This court cannot presume, for the purpose of sustaining the judgment of the Circuit Court, that a plea was stricken out for some good and sufficient cause, against the affirmative showing, made by the record, that the court erred.

A plea that the bond sued on was given for the last payment of a tract of land, and that the plaintiff had not made or tendered a deed, according to his bond for title, is not a good defence, if it fails to show that the bond, which was not made a part of the record, contained mutual and dependent covenants.

*Appeal from Desha Circuit Court.*

Hon. JOHN C. MURRAY, Circuit Judge.

WEATHERFORD for the appellant.

GARLAND & RANDOLPH, for appellee.

Mr. Chief Justice ENGLISH delivered the opinion of the court.

Jones brought an action of debt, by petition and summons, against Farish, on a promissory note, in Desha Circuit Court. At the return term the defendant appeared, and filed two pleas, *nil debit*, and a special plea in bar. At the next term, the court struck out the first plea, sustained a demurrer to the second, and rendered judgment for the plaintiff.

For what cause the court struck out the plea of *nil debit*, does not appear. The counsel for the appellee insists that it must be presumed, for the purpose of sustaining the judgment, that the plea was stricken out for some good and sufficient cause.

But such presumption cannot be indulged against the affirmative showing made by the record, that the court erred. The plea was appropriate to the action—debt on an unsealed instrument—was in the usual form, signed by counsel, and appears to have been filed in good time.

The second plea alleges, in substance, that the note sued on was given for the last payment of the purchase money of four acres of land, which the plaintiff sold to defendant, and gave him a bond for a fee simple title deed; and that the deed was to be made and delivered to the defendant upon the payment of said purchase money; but that no deed had been tendered before suit, etc.

The plea makes profert of the bond for title, but does not set it out, or state the substance of it, nor was it brought upon the record by oyer.

The plea fails to show that the bond contained mutual and dependent covenants—or in other words, that the plaintiff was bound by the terms of the contract of sale to make or tender to defendant a deed for the land before suit for the purchase money. See *Lewis vs. Davis,* 21 *Ark.,* 237, *and cases cited.*

The court properly sustained a demurrer to the plea.

The judgment must be reversed and the cause remanded with instructions to the court to reinstate the appellant's plea of *nil debit,* and that the cause progress, etc.